IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTIAN STREET PHARMACY, ET AL. : CIVIL ACTION
:
v. :
:
CITY OF PHILADELPHIA : NO. 09-824

**MEMORANDUM**

**Padova, J.**                                                                                                                     **July 15, 2009**

Plaintiffs Jerome Whack ("Whack") and Christian Street Pharmacy ("CSP") bring this action, pursuant to 42 U.S.C. § 1983, seeking compensatory and injunctive relief against Defendant, the City of Philadelphia, for allegedly depriving them of due process by levying on their property without constitutionally adequate, pre-levy notice. Presently before the Court is the City of Philadelphia's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is based in part on the applicability of the Tax Injunction Act, 28 U.S.C. § 1341.[1] For the following reasons, we dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Whack is the president and sole shareholder of CSP, located at 1947 Christian Street in Philadelphia. Because he operates CSP in Philadelphia, Whack is subject to the City's Business Privilege Tax and Wage Tax. On January 13, 2009, pursuant to certain provisions of Pennsylvania's Self-Assessed Tax Lien Act ("SATLA"), 53 P.S. §§ 7501-7505, and without notice to the Plaintiffs, the City obtained a tax lien against Plaintiffs for unpaid Business Privilege and Wage Taxes and caused a Writ of Execution in Attachment to be issued. The writ directed the Sheriff of Philadelphia County to levy on Plaintiffs' property and serve a writ of garnishment on Plaintiffs' bank. Plaintiffs

---

[1] We held a hearing on the instant Motion on June 15, 2009, at which time we ordered the parties to submit supplemental briefing on the important jurisdictional issues raised by the City's invocation of the Tax Injunction Act.

filed this suit shortly thereafter, on February 26, 2009.

Plaintiffs seek to enjoin the collection of local taxes. Consequently, their lawsuit triggers the application of the Tax Injunction Act, which provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The parties do not dispute the general applicability of the Tax Injunction Act to this case. They disagree, however, as to whether the Tax Injunction Act prohibits our exercise of jurisdiction because they disagree as to whether Plaintiffs have a "plain, speedy and efficient remedy" available to them in state court. We find that they do.

The United States Court of Appeals for the Third Circuit has made clear that we must broadly construe the "the plain, speedy and efficient" language in order to ensure that we are "'faithful to the congressional intent to limit drastically federal court interference with state tax systems.'" Gass v. County of Allegheny, Pa., 371 F.3d 134, 137 (3d Cir. 2004) (quoting Sipe v. Amerada Hess Corp., 689 F.2d 396, 404 (3d Cir. 1982)); see also Rosewell v. La Salle Nat'l Bank, 450 U.S. 503, 522 (1981) (observing that the Tax Injunction Act was "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes" (citations omitted)). Consequently, the Tax Injunction Act "only requires access to the state courts and an opportunity for meaningful review" to strip a federal district court of jurisdiction. Gass, 371 F.3d at 139; see also Rosewell, 450 U.S. at 513 (observing that a state's remedy is adequate if it "provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax." (quoting LaSalle Nat'l Bank v. County of Cook, 312 N.E.2d 252, 255-56 (Ill. 1974))); see also Sipe, 689 F.2d at 407 ("The

remedy provided by the state need not be coextensive with that available in the federal courts in order for it to be considered 'plain, speedy and efficient.'"). Ultimately, it is the plaintiff's burden to establish that we have subject matter jurisdiction. See Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (citing Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000)).

In this case, Plaintiffs contend that they are without a plain, speedy and efficient remedy at state law because SATLA itself does not provide administrative or judicial procedures through which taxpayers can challenge either the entry of judgment against them or the amount of the City's claim. They further assert that the admittedly "plain, speedy and efficient" *scire facias* remedy provided by the Municipal Claims and Tax Liens Act ("MCTLA"), 53 P.S. § 7101 *et seq*., does not apply to self-assessed taxes under SATLA. We find Plaintiffs' arguments unavailing.

Plaintiffs are correct that SATLA itself does not provide for access to state court to challenge liens obtained pursuant to its provisions, but the inquiry cannot end there. SATLA is one of eleven subchapters that make up MCTLA. See City of Phila. v. Schaffer, --- A.2d ---, 2009 WL 1473525, at *2 (Pa. Commw. Ct. Mar. 27, 2009) (noting that MCTLA spans 53 P.S. §§ 7101-7505). Moreover, SATLA and MCTLA both involve the creation and enforcement of municipal tax liens. We therefore presume that MCTLA's general provisions, including its definitions and procedures, apply to SATLA claims unless otherwise provided, because "individual provisions of a statute should not be read in the abstract, but [rather] 'construed with a view to its place in the entire legislative structure of the [statute].'" Casiano v. Casiano, 815 A.2d 638, 642 (Pa. Super. Ct. 2002) (quoting In the Matter of T.R., 665 A.2d 1260, 1264 (Pa. Super. Ct. 1995), rev'd on other grounds, 731 A.2d 1276 (Pa. 1999)). See also 1 Pa. Cons. Stat. Ann. § 1932 ("[S]tatutes or parts of statutes

3

are *in pari materia* when they relate to the same persons or things or to the same class of persons or things. . . . Statutes *in pari materia* shall be construed together, if possible, as one statute."). Thus, as long as MCTLA provides for access to state courts for meaningful review of Plaintiffs' claims, the Tax Injunction Acts deprives us of jurisdiction.

Plaintiffs concede that § 7184 of MCTLA, which provides for *scire facias* proceedings through which to challenge a city's tax lien, constitutes a "plain, speed and efficient remedy" for purposes of the Tax Injunction Act.[2] Nevertheless, Plaintiffs argue that relief under § 7184 is unavailable to them because the City's claims for unpaid Wage and Business Privilege Taxes are not "tax claims" to which § 7184 applies. Put another way, Plaintiffs concede that the Tax Injunction Act applies to this case if they could have obtained *scire facias* relief under § 7184.

There can be no doubt that § 7184 applies to tax claims under SATLA. The Pennsylvania Supreme Court has made clear that the procedures set forth in § 7184 are available to challenge "tax claims." Pentlong, 820 A.2d at 1246 n.12. MCTLA broadly defines "tax claims" as claims filed to

---

[2]Section 7184 permits property owners subject to a city's tax lien to "file . . . and serve a notice upon the [city] or upon the counsel of record to issue a scire facias thereon." 53 P.S. § 7184; see also Pentlong Corp. v. GLS Capital, Inc., 820 A.2d 1240, 1246 n.12 (Pa. 2003) (holding that "the scire facias procedure [under § 7184] may be used for tax claims" (citing 53 P.S. § 7183)). *Scire facias* requires "the parties named in the writ to appear before the court on a given date, and . . . the defendant to appear and show cause why the plaintiff should not be permitted to take some step." Pentlong, 820 A.2d at 1246 n.11 (citing 18 Standard Pennsylvania Practice 2d § 102:10 (1983)). "[S]cire facias proceedings are primarily designed to resolve routine lien challenges," giving "allegedly delinquent taxpayers a forum in which to challenge a municipality's execution on a lien by presenting evidence in support of various factual defenses . . . ." Pentlong, 820 A.2d at 1247; see also Sager v. Burgess, 350 F. Supp. 1310, 1313 (E.D. Pa. 1972) (observing that "[a]ll defenses may be raised in such a proceeding"). "Proper defenses to [a writ of *scire facias*] include actual payment of taxes, a defective claim or lien, fraud, or *lack of process or notice*." Pentlong, 820 A.2d at 1247 (emphasis added); cf. Vichosky v. Boucher, 60 A.2d 381, 382 (Pa. Super. Ct. 1948) (finding that the lower court's entry of judgment, which constituted a denial of due process, was subject to attack in a *scire facias* proceeding).

4

recover "*any* county, city, borough, incorporated town, township, school, bridge, road, or poor taxes, together with and including all penalties, interest, costs, charges, expenses and fees, including reasonable attorney fees, as allowed by this act and all other applicable laws." 53 P.S. § 7101 (emphasis added). By its very terms, this definition includes claims for unpaid, self-assessed city taxes, and we reject Plaintiffs' contention otherwise.

Plaintiffs contend that "tax claims" refers only to claims for unpaid *property* taxes. In support of this assertion, Plaintiffs rely on language from the Pennsylvania Supreme Court's decision in Konidaris v. Portnoff Law Assocs., 953 A.2d 1231 (Pa. 2008). This reliance is misplaced. In Konidaris, the court stated that "'tax claims' refer to legal claims arising from unpaid general taxes that are levied on all citizens or property owners, including property taxes imposed by school districts." 953 A.2d at 1233 n.3 (citing Pentlong, 820 A.2d at 1253). This language clearly conveys that "tax claims" pertains to all general taxes, and merely references property taxes as a single example of a general tax. Moreover, the taxes at issue in this case are plainly general taxes. See Pentlong, 820 A.2d at 1253 ("General taxes were levied by a municipality to pay for its expenses, compelling all citizens and property within its limits to contribute."); 53 P.S. § 15971(a) (authorizing cities like Philadelphia "to levy, assess and collect . . . such taxes on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city of the first class, as it shall determine" "*for general revenue purposes . . .*" (emphasis added)). Consequently, Konidaris does not support Plaintiffs' narrow definition of "tax claims." In sum, Plaintiffs have offered no basis in law for excluding the City's claims for unpaid Wage and Business Privilege Taxes from MCTLA's definition of "tax claims" and, by extension, have failed to establish that they could not have pursued *scire facias* relief under § 7184.

5

Accordingly, we find that the *scire facias* procedures provided by 53 P.S. § 7184, which the parties agree constitute a plain, speedy and efficient remedy, were available to Plaintiffs prior to the filing of this action.[3] Thus, the Tax Injunction Act applies, and we are without subject matter jurisdiction in this case. Plaintiffs' Complaint is therefore dismissed. An appropriate Order follows.

BY THE COURT:

    /s/ John R. Padova
John R. Padova, J.

---

[3]The availability of § 1983 relief in state court can also trigger the jurisdiction-stripping provision of the Tax Injunction Act. See Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981) (finding that "[t]he adequacy of available [state] remedies [was] not at issue" because, inter alia, the state supreme court "ha[d] expressly held that plaintiffs . . . may assert a § 1983 claim in state court"). Plaintiffs challenging the constitutionality of state tax systems may bring § 1983 actions in Pennsylvania courts, see, e.g., Murtagh v. County of Berks, 634 A.2d 179, 185 (Pa. 1993), although they must first establish the absence of an adequate remedy at state law. See Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n, 515 U.S. 582, 592 (1995); Kowenhoven v. County of Allegheny, 901 A.2d 1003, 1015 (Pa. 2006). Thus, the potential availability of § 1983 relief in the Pennsylvania courts presents a jurisdictional Catch-22: either (1) Plaintiffs lack an adequate state remedy, can proceed with their § 1983 action in state court, and the Tax Injunction Act strips us of jurisdiction; or (2) they have an adequate state remedy and cannot proceed with their § 1983 in any court. In either case, we are without jurisdiction to hear Plaintiffs' claims, even if § 7184 did not exist.